THE ATTORNEY GENERAL
OF TEXAS



WAGGONER CARR
ATTORNEY GENERAL

November 9, 1965

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

No. C-537

Re: May interest earned on
investment of bond pro-
ceeds, not immediately
needed for the voted pur-
pose, be placed in the
proper interest and sink-

Dear Dr. Edgar:

ing fund?

Your opinion request states that an independent school
district presently has authorized, but unissued, bonds which
are not immediately needed for the purposes for which they
were voted. The Board of Trustees of the district states
that a substantial savings will result to the district if
they sell such bonds now and place the proceeds derived there-
from on interest bearing time deposit. Then, as funds are
needed to accomplish the purposes for which the bonds were
voted, the board will redeem the time deposits, placing the
principal in the building fund and the interest earned there-
on in the interest and sinking fund created for the retire-
ment of such debt. You state that you have been unable to
find a prior administrative ruling or judicial decision con-
cerning such disposition of interest earned on such time de-
posits, and therefore request our opinion on this question.

Article 2786d, Vernon's Civil Statutes, expressly author-
izes any school district to place bond proceeds, which are
not immediately needed for the voted purpose, on interest
bearing time deposits. Attorney General's Opinion WW-1083
(1961). By enacting this statute, the Legislature clearly
evidenced its intent, in Section 4 thereof, to remedy a con-
dition that "may result in financial losses to the school
districts of this state" by making available to the Board of
Trustees an additional means for economical management of the
school district's financial affairs. Where a statute is de-
signed to afford a remedy for existing evils, it should be
given such signification as will afford a reasonable remedy.
53 Tex.Jur.2d, p. 240, Sec. 163.

While the law is well settled that the voted bond proceeds remain inviolate (Attorney General's Opinion WW-1082 (1961)), Article 2786d, supra, does not specify what use may be made of the interest earned on such investment. In the absence of specific statutory direction, "the law authorizes the trustees to exercise a judicious discretion for the successful and economical management of the schools." Texas Co. v. Panhandle Independent School District, 72 S.W.2d 957, 959 (Tex.Civ.App. 1934, error ref.). If the Board of Trustees determines that it is necessary to place the interest earned on such time deposits in the proper interest and sinking fund in order to successfully manage the financial affairs of the district, it is within their discretion to do so.

We feel that this result is consistent with Attorney General's Opinion 0-6973 (1945), which held that moneys not needed to accomplish the purpose for which bonds were sold can only be used to retire those obligations and should be placed in the proper interest and sinking fund. Thus, while it might be urged that the interest earned should be placed in the building fund, the Board is aware of the cost of accomplishing the purposes for which the debt was created, and if the interest would ultimately be in excess of such amount and would then have to be placed in the proper interest and sinking fund, we cannot conceive that it is improper for the Board of Trustees to do so now. It is well settled that moneys in a sinking fund may be used for no other purpose than the one for which it was created. Bexar County Hospital District v. Crosby, 327 S.W.2d 445 (Tex.Sup. 1959).

Thus, the interest earned will be used specifically to retire the debt created by the school district in the issuance of their bonds, and in our opinion such action at this time is clearly within the discretion of the elected Board of Trustees upon whom rests the duty of economically managing the financial affairs of the district.

## S U M M A R Y

Interest earned on investment of bond proceeds, not immediately needed for the voted purpose,

may, at the discretion of the Board of Trustees of the school district, be placed in the proper interest and sinking fund.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

ROY B. JOHNSON
Assistant Attorney General

RBJ:ced

APPROVED:
OPINION COMMITTEE

W. V. GEPPERT, Chairman

PAUL PHY
JAMES STROCK
PAT BAILEY
MALCOLM QUICK

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. WRIGHT